FAYETTEVILLE MERCANTILE COMPANY *v.* ROGERS.

Opinion delivered May 13, 1912.

1. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.—Where an employee was injured while engaged in unloading a freight car, a finding that the master was negligent in failing to furnish him a safe place to work is supported by evidence which tended to prove that his injuries were due to a failure to furnish a safe gangplank. (Page 436).

2. SAME—QUESTIONS FOR JURY.—The questions of assumed risk and contributory negligence was properly left to the jury where plaintiff, a boy of seventeen years and inexperienced, had not been warned of any danger, though he had previously noticed that the gangplank which fell with him was in a defective condition. (Page 437.)

Appeal from Washington Circuit Court; *J. S. Maples*, Judge; affirmed.

*R. J. Wilson* and *B. R. Davidson*, for appellant.

1. There is no proof to sustain a finding that the rotten condition of the plank, if it was rotten, was the cause of the injury; no proof of any notice of the defective condition of the plank, nor that any such defect existed as could be observed by constant use and handling.

2. The evidence shows that appellee was a youth of ordi-

nary intelligence, that there was nothing complicated about the work in which he was engaged, and that he was aware of the manner in which it was being done and comprehended it, and further that he discovered and understood the danger before going upon the plank with the truck. Certainly, at his age and experience a warning was not necessary. 107 Wis. 216; 90 Wis. 113; 62 N. W. 624; 21 N. E. 117; 19 N. E. 344; 32 N. E. 654; 39 Ark. 17-37; 56 Ark. 206; 82 Ark. 534; 93 Ark. 153; 15 Am. Neg. Rep. 192; 2 *Id.* 498; 64 N. E. 476; 52 Atl. 348; 174 Fed. 644; 187 Fed. 389; 89 Ill. App. 100; 169 Mass. 313; 173 Mass. 558; 46 Atl. 806; 84 Ga. 152; 110 Wis. 48.

3. Appellee assumed the risk of being injured in unloading the corn in the manner and with the appliances employed. 100 Ark. 462; 101 Ark. 197; 56 Ark. 232-237; 96 Ark. 206-210; Bailey, Master's Liability for Injuries to Servants, 114-115.

4. Plaintiff was guilty of contributory negligence. 54 Ark. 431; 85 Ark. 460; 88 Pa. St. 35; 137 Mass. 197; 93 N. C. 92; See also 1 Am. St. Rep. 28, note; 4 Hughes, 179; Fed. Cases 9544; 85 Ia. 638; 39 Minn. 169.

*Walker & Walker*, for appellee.

1. Appellee did not assume the risk, and the court correctly instructed the jury that if he, by reason of his youth and inexperience, did not fully realize and appreciate the danger, it was appellant's duty to give him proper instruction and warn him, and that, before he could be presumed to have realized the danger and assumed the risk, the proof must show that he was warned of it. 53 Ark. 117; 56 Ark. 232; 73 Ark. 49; 71 Ark. 55; 81 Ark. 246; 84 Ark. 74; 90 Ark. 407; *Id.* 479, 481.

2. Knowledge of the fact that the tram had slipped slightly did not impute knowledge of the danger, so as to preclude recovery. 82 Ark. 343; 1 Labatt, Master & Servant, § 240 A p. 543; *Id.* §§ 2, 7, 17.

McCulloch, C. J. The plaintiff, Jacob Rogers, sues to recover from his former employer, the Fayetteville Mercantile Company, damages on account of personal injuries received while at work in the latter's service unloading corn from a railroad car into defendant's warehouse. He is a minor, being at the time of the alleged injuries about seventeen years of age, and he sues by his next friend. He recovered judgment for damages, and the defendant appealed.

The only contentions here are that the evidence is not sufficient to sustain the verdict, and that the court erred in submitting the case to the jury upon the question of negligence upon the part of the defendant, and the question of contributory negligence and assumption of the risk upon the part of the plaintiff.

The defendant has a warehouse near a railroad spur track in the city of Fayetteville, and the plaintiff was engaged in unloading a carload of corn. There is a tramway or platform extending from the warehouse to the spur track where cars are placed for unloading, and it extends to within five feet of the door of a car placed there. In order to bridge this space so that trucks may be run between the car and the warehouse, there was provided a wooden gangplank extending from the car door to the end of the .platform or tramway. This gangplank was made of five pieces of plank two inches thick and ten inches wide. The end that rested on the tramway was beveled so that the trucks might pass over it readily, and the end which rested in the car door had pieces of iron slightly bent in the shape of hooks, to extend into the car door. The plaintiff had only been working there a day or two, and on the occasion of his injury was placed to work assisting in unloading a car of shelled corn. A four-wheel truck, which is guided by a tongue, was loaded with corn and drawn over this gangplank and platform into the warehouse. Plaintiff was pulling the truck, and was assisted by a man who was foreman of the work and also by a boy, both of whom assisted in pushing the truck. They started the truck load of corn out of the car door, the plaintiff having hold in front pulling it, and, as he passed out the door and the front wheels of the truck rolled on the gangplank, he noticed that the gangplank had slipped back from the door about half an inch, and spoke of it to his companions, saying that: "This is a good place to get somebody killed." The man replied: "No I guess not; go ahead;" and, as they proceeded with the truck, the plank fell, and the heavily loaded truck was thrown over on plaintiff, inflicting serious personal injury. The gangplank had been in use for several years, and was originally constructed out of old second-hand material. The plank which broke was found to be in rotten condition. Straps of iron or loops, in-

tended to rest on the car door and hold the gangplank in position, were not sufficiently curved to hold the gangplank securely in place. It is not quite certain from the testimony whether the plank fell by reason of the heavily loaded truck pushing it out of place and away from the car, or whether one of the planks in the gangplank broke first and caused it to fall. It was necessarily caused, however, in one way or the other, because it could not have been caused in any other way. In either event the jury were warranted in finding the defendant guilty of negligence in not exercising care to provide a reasonably safe place. The rotten condition of the plank, which was discovered after the injury, was sufficient to warrant a finding that this insecure condition could have been discovered by the exercise of ordinary care before the injury. In other words, the condition found to exist after the injury was sufficient to justify the conclusion that there was, before the injury, a discoverable defect. *Kansas City Southern Ry. Co.* v. *Henrie,* 87 Ark. 443; *St. Louis, I. M. & S. Ry. Co.* v. *Webster,* 99 Ark. 265.

If the iron straps or hooks were not made with sufficient curve to hold the gangplank securely in place, so as to prevent it from slipping, this was sufficient to warrant a finding of negligence in failing to properly construct it.

The questions of assumed risk and contributory negligence were properly submitted to the jury, and we think that the evidence was sufficient to sustain the finding of the jury on those issues. The plaintiff was a boy only seventeen years old, and had been working there a very short time. He was not warned of the danger to be anticipated from the falling of the gangplank, and we do not think that this remark about the place being dangerous is sufficient to show conclusively that he appreciated the danger so as to hold him guilty of contributory negligence or to bind him under the doctrine of assumed risk. In passing on those questions, his immature age and lack of experience ought to be considered. *Western Coal & Mining Co.* v. *Burns,* 84 Ark. 74. Holding, as we do, that the evidence was sufficient on all these issues in the case, and as there is no assignment of error in any ruling of the court other than allowing the case to go to the jury, nothing remains for us but to affirm the judgment, and that is accordingly ordered.